**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Pablo ROLDAN–CERVANTES,
Defendant–Appellant.**

No. 02–41710.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

April 9, 2004.

Paula Camille Offenhauser, James Lee Turner, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Aurora Ruth Bearse, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Juan Pablo Roldan–Cervantes ("Roldan") appeals his sentence following his guilty-plea conviction for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326.

Roldan argues that the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional. Roldan acknowledges that his argument is foreclosed by *Almendarez–*

*Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve his argument for further review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* did not overrule *Almendarez–Torres.* See *Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, Roldan's sentence cannot be vacated on this ground.

The parties agree, and the record reflects, that the district court did not provide the 35 day period allowed under FED. R. CRIM. P. 32(e)(2) (formerly FED. R.CRIM. P. 32(b)(6)(A) (2002)) to review the presentence report prior to sentencing. The parties also agree that the appropriate remedy is for this court to vacate the sentence and remand to the district court for resentencing. Therefore, we VACATE his sentence on this ground and REMAND to the district court for resentencing.

VACATED and REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.